IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN,<br><br>Plaintiffs,<br><br>v.<br><br>GHEZZI MASONRY CONSTRUCTION, INC.,<br><br>Defendant, | No. 06 C 1432<br><br>Judge Gottschall |

**PLAINTIFFS' MOTION TO REINSTATE AND FOR DAMAGES
CONSISTENT WITH THE TERMS OF THE SETTLEMENT AGREEMENT**

Plaintiffs, the Laborers Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Laborers' Funds"), request that the Court reinstate this cause and enter judgment in a sum certain against defendant Ghezzi Masonry Construction, Inc., ("Ghezzi Masonry") and Gary Ghezzi in the total amount of $6,438.24. In support of this motion, plaintiffs state as follows:

1. On March 15, 2006, this cause of action was filed under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1143 and 1132(g)(2) and under the Labor management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a) seeking unpaid contributions owed to the Laborers' Funds. On September 27, 2007, Ghezzi, by its President, Max Ghezzi, signed a Settlement Agreement and Release permitting the plaintiffs to reinstate this cause for entry of judgment. This Settlement Agreement and Release is attached here to as Exhibit 1. On October 3, 2007, this Court dismissed this matter without prejudice and according to the parties'

1

Settlement Agreement (See, Dismissal Notice Exh. 2).

2. The Settlement Agreement provides that upon default, the Funds may "declare the entire unpaid amounts due and accelerate collection of the total balance owed." (Exh. 1 ¶4) It further provides that on motion and notice of motion to the Company's attorney, Todd Miller at Allocco & Miller, the plaintiffs shall be entitled to entry of judgment.

3. There is no question that Ghezzi Masonry has defaulted on the note for its failure to pay the balance owed under the Installment Note. (See Settlement Agreement Exhibit 1¶2; Rocco Marcello Affidavit, Exhibit 3 ¶3). Rocco Marcello is the Funds' Field Representative assigned to collect contributions owed by Millennium Concrete, among others. Mr. Marcello establishes that the amount of $10,000.00 was credited towards the note and that a balance is owed in the amount of $2,982.74. (Marcello Affidavit, Exhibit 3 ¶3).

4. Under the Settlement Agreement, the parties also agree that upon default, G. Ghezzi shall be named as defendant waiving any further notice. (Exh. 1 ¶6). It is further agreed that "Neither Ghezzi [Masonry] nor G. Ghezzi will be not be permitted to raise defenses to bar judgment of the unpaid balance plus attorneys' fees and costs for the time expended to collect settlement payments." (Exh. 1 ¶5).

5. The Settlement Agreement in paragraph 4 provides that attorneys' fees will be included in a judgment for the Funds' efforts to monitor compliance and pursue the collection process. Pursuant to ERISA, §1132(g)(2), reasonable attorneys' fees are owed by the delinquent employer for all work performed in the collection of unpaid contributions. Reasonable attorneys' fees and costs are established by an affidavit of Karen I. Engelhardt, plaintiffs' counsel, in the total amount of $3,455.50, in attorneys' fees. (See, Affidavit of Karen I. Engelhardt, attached hereto as

Exhibit 4).

Wherefore, plaintiffs request that this Court add G. Ghezzi as a defendant and enter judgment against G. Ghezzi and Ghezzi Masonry Construction, Inc., for a total amount of $6,438.24.

                                        Respectfully submitted,

                                        /s/ Karen I. Engelhardt
                                        One of plaintiffs' attorneys

Wesley G. Kennedy
Karen I. Engelhardt
Angie Cowan
Josiah Groff
Allison, Slutsky & Kennedy, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400                                                             June 9, 2009